No. 790

EVANS v. COLUMBUS RY., P. & L. Co.

Ohio Appeals, 2nd District, Franklin County
No. 1090. Decided October 11, 1923

268. NEGLIGENCE.

(1) Railway Company not guilty of negligence where swing of street car strikes a pedestrian under circumstances of this case—(2) Pedestrian is guilty of contributory negligence where he is struck by rear end of street car due to the swing of the car in turning.

ALIARD, J.

Epitomized Opinion

This was an action for personal injury brought by one Evans against the Columbus Street Railway Company. Plaintiff claimed that he was injured by being struck by the rear end of a street car as it rounded the curve at Long and High. Evans did not disclose any violation of the city ordinance by the motorman. As the court directed a verdict for the defendant, plaintiff prosecuted error. Held:

1. As there was no evidence of negligence on the part of the defendant, motion to direct the verdict was properly sustained.

2. As the swing of the car was a matter of common knowledge, plaintiff was guilty of contributory negligence in failing to take this matter into consideration.

Attorneys—F. S. Monnett, for Evans; Booth, Keating, Pomerene & Boulger, for Columbus Railway Co.

No. 791

HEFFLINGER v. GROHN

Ohio Appeals, 3rd District, Henry County
No. 120. Decided May 12, 1923

68. NEGLIGENCE.

Rule of res ipsa loquitur (negligence not shown), applicable where employee is injured while dynamiting.

HUGHES, J.

Epitomized Opinion

This is an action for personal injuries brought by one Hefflinger against John A. Krohn and Enid Krohn. The plaintiff was injured while blasting and blowing out stumps with dynamite while in the employ of defendants. The plaintiff claimed that defendants ordered and directed him to shorten the fuse which he was using to light the same while he held it in his hand and then drop it into the stump, and that inasmuch as the fuse was defective, it burnt up rapidly and exploded before plaintiff could release the same. There was no averment that defendants knew or should know by the exercise of reasonable care that the fuse was defective. The trial resulted in a verdict for the defendants. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As there was no evidence which tended to show that the defendants were in any manner or degree responsible for furnishing knowingly or under such circumstances that they should know of the defective fuses or that defendants failed in any duty respecting the same, the rule res ipsa loquitur does not apply, and therefore, as plaintiff failed to prove negligence, he cannot recover.

Attorneys—Donovan & Donovan, for Hefflinger; P. C. Prentiss and S. W. Bowman, for Krohn.

No. 792

SCHWAB v. STATE

Ohio Appeals, 3rd District, Hancock County
No. 146. Decided June 22, 1923

367. TRIALS.

Granting a continuance is discretionary with trial court—True bill is returnable by extra session of Grand Jury.

312. RAPE.

"Force" necessary to overcome "resistance" not "will" of accusing witness is necessary to constitute assault.

HUGHES, J.

Epitomized Opinion

Schwab was indicted for assault with intent to commit rape. On the trial day a motion for continuance was filed, which was overruled by the court. At the same time, a hearing was had on the defendant's plea in abatement, which was to the effect that the grand jury that was called for that term of court had discharged its duties and been dismissed, and was therefore called in specially for the investigation of defendant's case, and hence the indictment presented by this grand jury was not a true indictment. The court found for the State on this plea in abatement, and trial was then had on the merits, which resulted in a verdict of guilty. In reversing the judgment of Judge Duncan, the Court of Appeals held:

1. As the granting of a motion for a continuance is within the discretion of the trial court, this reviewing court is unable to find that this discretion was abused.

2. That the indictment returned against the defendant was a true indictment even though the grand jury was specially called for the investigation after it had been dismissed for the term.

3. As the trial court instructed the jury that the assault must have been with the intention of using such force as might be necessary to overcome the "will" of the accusing witness and accomplish his purpose instead of such force as might be necessary to overcome witnesses' "resistance," the court committed prejudicial error.

Attorneys—W. H. Kinder, Axline & Pendleton, for Schwab; H. F. Burket, C. A. Blackford, for State.